JAMES HOWARD *vs.* JOSEPH W. PATTERSON.

Kennebec.    Opinion January 21, 1881.

*Trust.    Trustee.    Liability of.    Auditor's report.    Evidence.*

When a trust has been determined by the accomplishment of the purposes for which it was created, and the trustee's bond has been surrendered and he has been practically discharged by a performance of all the trusts, he is not thereby necessarily released from responsibility.  When the trustee has performed all the trusts, reconveyed the balance of the trust property, and rendered his accounts to the *cestui que trust,* which are by the latter received in final settlement, subject to rectifications in relation to interest and compensation, assumpsit for money had and received may be maintained by the *cestui que trust* against the trustee to correct the accounts and receive any balance in his favor upon a proper restating of the accounts.

A party is not aggrieved by the exclusion of a part of the report of an auditor which expresses the opinion of the auditor that the accounts of the parties have been fully settled, when the same opinion is expressed in another part of his report which was not excluded.

ON EXCEPTIONS AND MOTION FOR NEW TRIAL from superior court, Kennebec county.

Assumpsit for money had and received.

Plea, general issue.    Verdict for plaintiff for $2261.85.

At the trial the presiding judge instructed the jury that,

1. "This substantially and in brief represents the position of the two parties here before you.  In the first place it is unnecessary for me to give you the principle of law in general applicable to trusts of this character, because I have already ruled in answer to a motion of the defendant, that this action is maintainable, being of an equitable character, for any balance which upon the rules and principles I shall give you, may be found due upon the accounts as they are now presented here; that this was an executed trust and that any balance which might be found justly and equitably due upon striking the balance of the accounts rendered, might be recovered in this action of assumpsit, an action for money had and received."

2. The following auditor's report was offered by the defendant, and the concluding portion, embraced within brackets, the court held to be inadmissible and excluded.

"Pursuant to the foregoing commission I met the parties on the 31st day of March, last, and occupied that day and the next in hearing their allegations, proofs and arguments, and now on this third day of April, A. D. 1880, after carefully considering the whole case, I submit the following report :

"I find that on the first day of July, A. D. 1854, the plaintiff, then bearing the name of James Howard Patterson, being somewhat embarrassed, conveyed to Samuel Titcomb, Joseph W. Patterson and Larkin M. Leland, certain parcels of real estate in Augusta, some of which had been mortgaged, and the mortgage on one parcel was nearly foreclosed, in order that they might take charge of his business, sell real estate, pay mortgages and taxes, collect rents, and do whatever they deemed necessary for the proper care and management of the property. That they afterwards gave a bond to the plaintiff, which required them to reconvey to him any land that might remain unsold, at any time of settlement, and to pay him any money that might remain in their hands from the sale of land after their bills were severally paid. This is the legal effect of the deed to them and their bond to him.

"That they accepted the deed and entered, at once, upon the care and management of the property. That Joseph W. Patterson took the sole charge of the property, hired money to pay debts, collected rents, paid taxes and insurance, and conducted the business in what he deemed the most beneficial manner, in all respects, apparently, the same as he did his own business, keeping an exact account of all he did.

"In 1863 he sent his account to the plaintiff up to that time, and in 1867 he sent the plaintiff another account up to that time. These bills showed how interest was charged, and what the defendant had charged for his services. That defendant continued in the management of the business up to October 26, 1875, when a deliberate settlement was made, the unsold land reconveyed, two law suits then pending, discontinued, the bill of Joseph W. Patterson receipted, and the bond surrendered, the business completed and the papers delivered November 1, 1875."

["That this settlement was fairly and understandingly made, and is a bar to the plaintiff's action, so I have no occasion to

audit the plaintiff's account, that I find the above named trans-action to have been a fruitful source of litigation, and that the interest of these parties, and that of the public alike require that here should be an end to all controversy in relation to matters embraced in that statement."]

3. The attorneys for defendant requested the court to instruct the jury that, "If the jury find that the plaintiff conveyed property by deed to defendant and others, and took back a bond providing for the accounting for rents and income, and proceeds of sales, and for its reconveyance to him, if the bond was surrendered by the plaintiff, he cannot maintain an action for money had and received in which he seeks to recover said rents and income and proceeds of sales," which request was not granted.

The defendant excepted to the foregoing and also moved to set aside the verdict.

*Herbert M. Heath*, for the plaintiff, upon the questions presented by the exceptions, cited: *Arms* v. *Ashley*, 4 Pick. 71; *Harrington* v. *Curtis*, 13 Met. 469; 8 Taunt. 263; Holt's N. P. Cas. 500; *Jones* v. *Stevens*, 5 Met. 373; *Holmes* v. *Hunt*, 122 Mass. 515; 3 Redfield on Wills, 547; *Moorecroft* v. *Dowding*, 2 P. Wms. 314; 61 Maine, 462; 38 Maine, 566.

*S. and L. Titcomb*, for the defendant, contended that this action could not be maintained. It was an executed trust, executed by both parties, and neither could maintain an action against the the other.

The conclusion of the auditor's report was improperly excluded. R. S., c. 82, §§ 62, 64; *Howard* v. *Kimball*, 65 Maine, 328; *Holmes* v. *Hunt*, 122 Mass. 515; *Lazarus* v. *Commonwealth Ins. Co.* 19 Pick. 97; *Locke* v. *Bennett*, 7 Cush. 451.

The Gen. St. of Mass. c. 121, § 46, under which the decision in *Holmes* v. *Hunt* was rendered is substantially the same as our R. S., c. 82, § 62.

VIRGIN, J. The only exception taken to the charge is to that portion of it whereby the jury were instructed, in substance, that assumpsit for money had and received was maintainable for the recovery of any balance, which, under the rules of law given, might be found due on the accounts as presented.

We think the exception cannot be sustained. The case shows that the trust had been determined some considerable time before the action was brought, by the accomplishment of the purposes for which it was created, to wit, the payment of the debts of the *cestui que trust*; and the performance of all the trusts and a reconveyance of the balance of the trust lands practically discharged the trustee. 2 Perry Tr. § § 920, 921, and notes. But this did not necessarily release him from responsibility; for the *cestui que trust* might, nevertheless, even in the absence of any agreement to that effect, inquire into the prior administration, § § 922, 923 and notes. For a formal release by the *cestui que trust* to the trustee may be set aside on any misapprehension as to the basis on which the accounts were made up, although the *cestui que trust* has had ample time for deliberation, they being only *prima facie* valid, § 923. And in order that a release, confirmation, waiver or acquiesence may have any effect, the *cestui que trust* must have full knowledge of all the facts and circumstances of the case, § 851. But in the case at bar there was evidence tending to show, and the jury must have found, that the alleged settlement was made subject to a rectification by subsequent suit if necessary. The bond had been surrendered against the express injunction of the plaintiff; and we have no doubt that the accounts rendered were subject to revision and would be corrected by this action, provided the finding of the jury upon this issue was correct. *Arms* v. *Ashley*, 4 Pick. 71; *Harrington* v. *Curtis*, 13 Met. 469.

2. The auditor seems to have acted as a referee instead of auditor; and instead of stating the account in the alternative, he gave it as his opinion that it had been deliberately settled by the parties. Even if *Holmes* v. *Hunt*, 122 Mass. 515, and the cases there cited are authorities to sustain the auditor in expressing the opinion in relation to settlement, the defendant was not aggrieved by the exclusion of the last paragraph of the report; for the preceding paragraph was admitted, and that contained an affirmative statement of the same opinion, together with the substance of all that was in the last omitting the homiletic reflections on the subject.

3. The third exception is substantially disposed of under and by the first. If the requested instruction had been given, it would have taken from the jury the right to pass upon the issue relating to the condition of the settlement, and was therefore rightly declined.

*Motion.* We have carefully weighed all the evidence bearing upon the issue of conditional or full settlement on November 1, 1875. And while it is very conflicting, there is positive evidence on the part of the plaintiff, which, if true, is sufficient to sustain the finding for him. The jury had greater facilities than we for intelligently passing upon the credit to be given to the testimony on both sides; and, without needlessly lumbering this opinion with a critical analysis of the testimony, it is sufficient to say that the preponderance in behalf of the defendant is not sufficient to warrant us in disturbing the verdict on that account.

The jury, without any aid from an auditor, examined this account extending over a period of twenty-five years, returned a verdict for the sum of $2261.85. We have invoked the aid of one of the most experienced and intelligent accountants in the State, and after an elaborate and critical examination of the defendant's accounts, including his private account, we find his disbursements and interest thereon so long as any balances existed in his favor, together with the sum charged by him for services and commissions, amounted, on November 1, 1875, when, as he says, a final settlement took place, to $11,491.69. His receipts, including interests thereon so long as balances existed against him, amount to $13,342.87, leaving a balance due to the plaintiff, at the date of the alleged settlement, of $1851.18. This sum with interest thereon to the time of trial, amounts to $2341.74, which is more than the verdict. It appears, therefore, that saying nothing of the defendant's purchase of the Clark equity of redemption (on which the plaintiff had previously paid $392), and the payment of the mortgage from the funds of the *cestui que trust*, the defendant has no cause for complaining of the amount of the verdict.

*Motion and exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and SYMONDS, JJ., concurred.